**Gramiak v. Raines**

*Joel Friedman,* for plaintiff.

*Richard Mitchell,* for defendants.

BRIAN, J., May 9, 1972.—In this trespass action, plaintiff seeks to recover for injuries allegedly sustained by reason of a fall on the sidewalk of defendants' property.

Defendants desire to depose plaintiff, but plaintiff has resisted such deposition pending the prior production of an electronically recorded statement secured from plaintiff shortly after the accident by defendants' insurance company. Plaintiff has formalized its resistance in a motion for production of documents under Pennsylvania Rule of Civil Procedure 4009 and, alternatively, a motion for protective order under Pennsylvania Rule of Civil Procedure 4012 limiting the subject of inquiry upon oral deposition solely to those matters and things occurring subsequent to the date of the recorded statement.

Pennsylvania Rule of Civil Procedure 4009 provides that the court on motion of a party may "(1) order a party to produce and permit the inspection including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs, and objects which are in his possession, custody or control;"

Defendants, however, emphasize that the generality of Rule 4009 is expressly subject to the limitations of Rule 4011 and, in particular, to subsection (d) of Rule

4011 which provides that no discovery or inspection shall be permitted which "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;"

The question thus posed is whether the limitation upon the general discovery Rule 4009 which is imposed by Rule 4011(d) prohibits production of the unsigned, unsworn electronically recorded statement given in this case by plaintiff to an agent of defendants' insurance carrier.

Our research has not disclosed any Pennsylvania appellate court decision on this precise issue, but a number of lower court opinions have dealt with factual situations closely parallel to the case at bar. It appears that these decisions are divided. In Fahey v. Philadelphia Transportation Co., 15 D. & C. 2d 555 (1958), the court refused a similar motion to produce on the part of plaintiff because it felt "bound by the plain language" of Rule 4011(d) although it made its decision "reluctantly." Similarly, the court in Gates v. Nationwide Mutual Insurance Co., 32 D. & C. 2d 297 (1963), ordered the deposition of plaintiff to proceed and denied plaintiff's motion to produce an unsworn statement taken of plaintiff by defendant's investigator as a condition precedent to such deposition. See also Burke, Admr. v. Neas, 38 D. & C. 2d 796 (1966), and Benezet v. Westinghouse Electric Supply Co., 29 D. & C. 2d 71 (1962).

It is our opinion, however, that those cases which require production of statements given by a party prior

to the deposition of such party are based upon a sounder construction of Rules 4009 and 4011.

Of the recorded decisions upholding the production of such statements prior to taking discovery depositions, perhaps the leading case is Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655 (C. P. Allegheny, 1955). There, plaintiff refused to answer interrogatories on the basis that they sought to elicit the same information as had been obtained prior to litigation as recorded in a written statement given to defendant's investigator. Defendant moved for sanctions, but the court, speaking through Judge Montgomery, refused to impose sanctions unless and until a copy of the statement was turned over to plaintiff. Judge Montgomery made the following pertinent observations, at page 656:

"The very purpose of rules of discovery is to substantially aid a party with the preparation of the pleadings or the preparation of the trial of the case. It is the opinion of this court that if defendant is seeking answers to the interrogatories in good faith, then there should be no objection to furnishing plaintiff with a copy of her prior written statement. Otherwise, it would appear that defendant's motive is not to obtain aid in the preparation of its case but rather to place plaintiff in an unfavorable tactical position. Therefore, this court will not sanction plaintiff for refusing to answer the interrogatories, other than those interrogatories requesting the names of witnesses, unless defendant furnishes plaintiff with a copy of her written statement."

Similarly, in Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (C. P. Philadelphia, 1966), Judge Weinrott issued an order upon defendant to produce for inspection and copying "any written statement, signed or

unsigned, made by plaintiff's decedent heretofore to any employee or representative of defendant or its insurer . . ." in deference to Rule 126 that "rules [of Civil Procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Rejecting the "dog eat dog" philosophy that prevailed before the adoption of procedural reform, and which led to "trial by surprise, trial by gamesmanship, the effort to catch an opponent napping, and to win by cleverness and cunning rather than by merit," (page 88), the court concluded that Rule 4011(d) should not protect from disclosure statements which were withheld for the reason, as far as could be discerned, of "springing a surprise at the trial": Page 93.

Here, as in the Baukal case, it is the opinion of this court that we should not countenance concealment and surprise, and that, in any event, Rule 4011(d) should not be applied to "thwart justice rather than promote it."

Accordingly, we enter the following:

## ORDER

And now, this May 9, 1972, upon consideration of plaintiff's motion for production of documents, etc., defendants are hereby ordered to produce to plaintiff within 15 days, for inspection and copying by plaintiff, all statements, signed or unsigned, electronically recorded and otherwise, made by plaintiff heretofore to any employe, agent or representative of defendants or their insurer, and that such documents be produced by defendants prior to the taking of any oral deposition of the plaintiff.